IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

ERIC LAMONT TEAL,

    Plaintiff,

vs.                                       Case No. 4:12cv456-RH/CAS

DUANE SPEARS, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending is a motion to dismiss for failure to state a claim, doc. 13, filed by Defendant Ong. The pro se Plaintiff, a former state prisoner, was directed to file a response in opposition to the motion to dismiss, doc. 22. Plaintiff has complied, doc. 24, and the motion is ready for a ruling.

**Procedural Status**

Plaintiff filed an amended civil rights complaint, doc. 7, on October 12, 2012, alleging the denial of timely and appropriate medical care in violation of the Eighth Amendment. An Order was entered on November 7, 2012, directing service of Plaintiff's amended complaint and advising Plaintiff he was "responsible for having the summons and complaint served" on the Defendants within 120 days as required by FED. R. CIV. P. 4. Doc. 8. A Notice of Appearance was filed on behalf of Dr. Ong on April 23,

2013. Doc. 17. A motion to Dismiss, doc. 13, was also filed by Dr. Ong which asserts that Plaintiff's complaint fails to state a claim and should be dismissed. An executed summons was filed for Defendant Spears, doc. 30, and a notice of appearance filed thereafter, doc. 31. Defendant Spears filed an answer, doc. 33, on October 8, 2013. Service has not yet been carried out as to the third named Defendant, Mary Pliskin, but another service order was recently entered on October 23, 2013. Doc. 37. Additionally, an Initial Scheduling Order was entered on October 9, 2013. Doc. 34. To be clear, this report and recommendation addresses only the motion to dismiss filed by Defendant Ong, doc. 13.

**Allegations of the Amended Complaint, doc. 7**

On September 9, 2010, while working in the kitchen at Taylor Correctional Institution, Plaintiff's right arm was accidentally caught in the electric mixer. Doc. 7 at 4. Plaintiff alleges that six separate bones were broken in his right hand, and he was taken to Doctors Memorial where x-rays were taken and he was given pain medication. *Id.* It was suggested that Plaintiff have immediate surgery, but when a telephone call was placed to officials at the institution, Defendants Spears and Pliskin allegedly directed that Plaintiff be returned to the prison infirmary. *Id.* The next day Plaintiff was taken to the Regional Medical Center at Lake Butler, and examined by an unidentified plastic surgeon. *Id.* at 5. Again, Plaintiff alleges that surgery was recommended, but not performed, and he was returned to the prison infirmary. *Id.* On September 21st, Plaintiff was released to general population, and told to "go to work or confinement." *Id.* Plaintiff was eventually transported for surgery on October 11, 2010, and then returned

to Taylor Correctional Institution's infirmary. *Id.* at 6. Plaintiff was sent with pain medication and instructions for cleaning the surgical area daily. *Id.*

Plaintiff alleged that on November 24, 2010, Defendant Ong removed the nine pins that had been placed in Plaintiff's hand and ordered physical therapy for Plaintiff. *Id.* at 7. Plaintiff contends that Defendant Ong did not take x-rays and "was indifferent to [his] medical needs, pain and suffering, conditions and concerns." *Id.* Plaintiff said the Defendant "did not want to hear anything [Plaintiff] had to say." *Id.* Plaintiff's amended complaint indicates that Plaintiff had some physical therapy and returned for a follow-up appointment with Defendant Ong. *Id.* Plaintiff alleged that Defendant Ong told Plaintiff that he "was not trying to fix" his hand. *Id.* Plaintiff reports that x-rays were still not taken and Plaintiff was sent back to physical therapy even though Plaintiff contends his hand was visibly deformed. *Id.*

Plaintiff alleged that a therapist named John told him that his hand was probably "beyond repair" because of the length of time it went untreated. Doc. 7 at 7. However, Plaintiff reports that when he saw Defendant Ong again on August 25, 2011, he told Plaintiff that his hand was fine, released him from medical care, and approved him to return to work. *Id.* Plaintiff contends his hand is deformed for life. *Id.*

**Standard of Review**

The issue on whether a complaint should be dismissed pursuant to Fed.R.Civ.P. 12(b)(6) for failing to state a claim upon which relief can be granted is whether the plaintiff has alleged enough plausible facts to support the claim stated. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007) (retiring the standard from <u>Conley v. Gibson</u>, 355 U.S. 41, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957). "To

survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 129 S.Ct. 1937, 1949, 173 L.Ed. 2d 868 (2009), *quoting* Twombly, 550 U.S. at 570, 127 S.Ct. 1955.[1]  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S.Ct. at 1949, *citing* Twombly, 550 at 556; *see also* Speaker v. U.S. Dept. of Health, 623 F.3d 1371, 1380 (11th Cir. 2010). "The plausibility standard" is not the same as a "probability requirement," and "asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 129 S.Ct. at 1949, *quoting* Twombly, 550 at 556.  A complaint that "pleads facts that are 'merely consistent with' a defendant's liability," falls "short of the line between possibility and plausibility." Iqbal, 129 S.Ct. at 1949, *quoting* Twombly, 550 at 557.

The pleading standard is not heightened, but flexible, in line with Rule 8's command to simply give fair notice to the defendant of the plaintiff's claim and the grounds upon which it rests.  Swierkiewicz v. Sorema, 534 U.S. 506, 122 S.Ct. 992, 998, 152 L.Ed.2d 1 (2002) ("Rule 8(a)'s simplified pleading standard applies to all civil actions, with limited exceptions.").  Pro se complaints are held to less stringent standards than those drafted by an attorney. Wright v. Newsome, 795 F.2d 964, 967 (11th Cir. 1986), citing Haines v. Kerner, 404 U.S. 519, 520-521, 92 S.Ct. 594, 596, 30 L.Ed.2d 652 (1972).  Nevertheless, a complaint must provide sufficient notice of the

---

[1] The complaint's allegations must be accepted as true when ruling on a motion to dismiss, Oladeinde v. City of Birmingham, 963 F.2d 1481, 1485 (11th Cir. 1992), *cert. denied*, 113 S. Ct. 1586 (1993), and dismissal is not permissible because of "a judge's disbelief of a complaint's factual allegations." Twombly, 127 S.Ct. at 1965, *quoting* Neitzke v. Williams, 490 U.S. 319, 327, 109 S.Ct. 1827, 104 L.Ed.2d 338 (1989).

claim and the grounds upon which it rests so that a "largely groundless claim" does not proceed through discovery and "take up the time of a number of other people . . . ." Dura Pharmaceuticals, Inc. v. Broudo, 544 U.S. 336, 125 S.Ct. 1627, 161 L.Ed.2d 577 (2005), *quoted in* Twombly, 127 S.Ct. at 1966. A complaint does not need detailed factual allegations to survive a motion to dismiss, but it must provide the grounds for a plaintiff's entitlement to relief beyond mere "labels and conclusions, and a formulaic recitation of the elements of a cause of action . . . ." Twombly, 127 S.Ct. at 1964-65.

> If a pleading fails to specify the allegations in a manner that provides sufficient notice, a defendant can move for a more definite statement under Rule 12(e) before responding. Moreover, claims lacking merit may be dealt with through summary judgment under Rule 56.

Swierkiewicz, 122 S.Ct. at 998-999.

**Motion to Dismiss, doc. 13**

Defendant Ong "is a plastic surgeon with his principle place of business in Jacksonville, Florida." Doc. 13. Defendant Ong points out that his involvement with Plaintiff "was limited to the post-surgical removal of pins from Plaintiff's right hand on November 24, 2010[,] and the prescription of subsequent physical therapy." *Id.* at 2. Defendant Ong asserts that Plaintiff alleged only legal conclusions, but failed to allege any facts which support the legal conclusion raised in the complaint that Defendant Ong was deliberately indifferent to Plaintiff's medical needs. Doc. 13 at 3-4. Defendant Ong also asserts the defense of qualified immunity to Plaintiff's claim. *Id.* at 8-10.

**Plaintiff's Response, doc. 24**

Plaintiff acknowledges that Defendant "Ong did not perform the surgery" but placed Plaintiff in physical therapy after removal of the surgical pins. Doc. 24 at 1. Plaintiff asserts that in his first follow-up appointment with Defendant Ong after his first session of therapy, "Dr. Ong stated that [Plaintiff] may need to be placed back under, and bones rebroken." *Id.* During the second follow-up appointment, after more therapy, Plaintiff states that Defendant Ong expressed that Plaintiff "wasn't trying to improve [his] hand, was faking, and" directed Plaintiff to continue in physical therapy. *Id.* at 2. Plaintiff states that the therapist told Plaintiff he needed more surgery and at Plaintiff's final appointment with Defendant Ong, he agreed with Plaintiff's therapist that Plaintiff needed more surgery. *Id.* at 2-3. Plaintiff suggests that when Defendant Ong examined him at his final appointment, Plaintiff was "due to be released" from prison in forty-two days. *Id.* at 3. Plaintiff was "discharged from treatment with no restrictions" and Plaintiff contends that "Dr. Ong faild [sic] to and continuously denied the necessary surgeries to fix and or better repair [Plaintiff's] hand." *Id.*

**Analysis**

Deliberate indifference to the serious medical needs of sentenced prisoners violates the Eighth Amendment's prohibition of cruel and unusual punishment. Estelle v. Gamble, 429 U.S. 97, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976). A "'serious' medical need is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." Hill v. Dekalb Regional Youth Det. Ctr., 40 F.3d 1176, 1187 (11th Cir. 1994), abrogated on other grounds by Hope v. Pelzer, 536 U.S. 730, 122 S.Ct. 2508, 153 L.Ed.2d 666 (2002), *quoting* Laaman v. Helgemoe, 437 F. Supp. 269, 311 (D. N.H.

1977). Alternatively, "a serious medical need is determined by whether a delay in treating the need worsens the condition" or "if left unattended, poses a substantial risk of serious harm." Mann v. Taser Intern., Inc., 588 F.3d 1291, 1307 (11th Cir. 2009), *citing* Hill, 40 F.3d at 1188-89, and Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003).

The concept of deliberate indifference entails something more than negligence, but is satisfied by something less than actions undertaken with an intent to cause harm. Farmer v. Brennan, 114 S. Ct. 1970, 1978 (1994). Subjective recklessness, as defined in criminal law, is the standard which must be shown for an official's actions to rise to the level of deliberate indifference. *Id.* Deliberate indifference has been described as a culpable state of mind of the defendant to unnecessarily and wantonly inflict pain or harm to a prisoner by depriving him of a basic human need. Wilson v. Seiter, 501 U.S. 294, 111 S. Ct. 2321, 115 L. Ed. 2d 271 (1991).

Combining the standards from Farmer and Estelle, the Eleventh Circuit has clarified that, ultimately, there are four requirements to bringing an Eighth Amendment claim for the denial of medical care: "an objectively serious need, an objectively insufficient response to that need, subjective awareness of facts signaling the need, and an actual inference of required action from those facts." Taylor v. Adams, 221 F.3d 1254 (11th Cir. 2000), *cert. denied* 531 U.S. 1077 (2001); Farrow v. West, 320 F.3d 1235, 1243 (11th Cir. 2003). Put another way, once a prisoner shows that he has a serious medical need, "the prisoner must prove three facts: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; and (3) by conduct that is more than mere negligence." Brown v. Johnson, 387 F.3d 1344, 1351 (11th Cir. 2004), *citing*

McElligott v. Foley, 182 F.3d 1248, 1255 (11th Cir.1999). Medical malpractice does not constitute deliberate indifference. Estelle, 429 U.S. at 106, 97 S. Ct. at 292. "Nor does a simple difference in medical opinion between the prison's medical staff and the inmate as to the latter's diagnosis or course of treatment support a claim of cruel and unusual punishment." Harris v. Thigpen, 941 F.2d 1495, 1505 (11th Cir. 1991), citing Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir. 1989). *See also* Johnson v. Stephan, 6 F.3d 691, 692 (10th Cir. 1993). For example, in Estelle, the prisoner received treatment for his back injury (bed rest, muscle relaxants and pain relievers), but complained that more should have been done in the way of diagnosis, such as an X-ray or other tests. The Court rejected this as a basis for liability:

> But the question whether an X-ray--or additional diagnostic techniques or forms of treatment--is indicated is a classic example of a matter for medical judgment. A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.

429 U.S. at 107, 97 S. Ct. at 293. An "official acts with deliberate indifference when he or she knows that an inmate is in serious need of medical care, but he fails or refuses to obtain medical treatment for the inmate." McElligott, 182 F.3d at 1255, *citing* Lancaster v. Monroe County, Ala., 116 F.3d 1419, 1425 (11th Cir. 1997); Mandel v. Doe, 888 F.2d 783, 788 (11th Cir.1989). Further, when an inmate has received some medical attention or care and the dispute involves the adequacy of the care, federal courts are reluctant to second guess medical judgments and find an eighth amendment violation. Harris v. Thigpen, 941 F.2d 1495, 1507 (11th Cir. 1991). As stated in McElligott, "[h]esitation does not mean, however, that the course of a physician's treatment of a prison inmate's medical or psychiatric problems can never manifest the physician's

deliberate indifference to the inmate's medical needs" 183 F.3d at 1259, *citing* Waldrop, 871 F.2d at 1035. Thus, liability cannot be avoided simply by pointing out that some medical care was provided, however cursory or insufficient that care.

In this case, Plaintiff's amended complaint alleged that Defendant Ong removed nine pins from Plaintiff's hand, placed there by the surgeon who performed Plaintiff's surgery. Defendant Ong ordered physical therapy for Plaintiff and saw Plaintiff at several follow-up appointments, directing Plaintiff to use physical therapy and put forth greater effort during his therapy. Defendant Ong's role in Plaintiff's medical care was limited, as he did not perform the surgery and saw Plaintiff "two and a half months after his initial slip and fall and a month and an half after his hand surgery." Doc. 13 at 6. At most, Plaintiff's amended complaint alleges Defendant Ong did not take x-rays. As stated by the Supreme Court in Estelle, the fact that additional X-rays were not taken is a "classic example of a matter for medical judgment." That is insufficient to state a claim. Plaintiff's amended complaint alleged no other facts which indicate Defendant Ong failed to provide Plaintiff appropriate follow-up care.

The standard of review under Iqbal requires this Court to assume the veracity of "wellpleaded allegations." 556 U.S. at 679, 129 S.Ct. 1937. As noted above, Plaintiff's amended complaint does not provide sufficient facts to state a claim. However, Plaintiff asserts additional facts in his response to the motion to dismiss and contends that Defendant Ong agreed with the physical therapist that Plaintiff needed more surgery and, despite his knowledge, failed to provide that surgery.[2] Plaintiff also suggests that

---

[2] As an additional note, it is unclear whether Defendant Ong could decide on his own that Plaintiff needed additional surgery. It is likely that the Department of Corrections would have to approve a recommendation for further surgery, if one was

Defendant Ong may not have pursued surgery for Plaintiff because Plaintiff was to be released from prison in just over a month.  While those assertions may provide an additional basis for Plaintiff's claim against Defendant Ong, Plaintiff may not amend his complaint via his response to a motion to dismiss.  Guerrero v. Target Corp., 889 F.Supp.2d 1348, 1356 (S.D. Fla. 2012), *citing* Long v. Satz, 181 F.3d 1275, 1278–79 (11th Cir.1999); Bruhl v. Price Waterhousecoopers Int'l, No. 03–23044, 2007 WL 997362, at *4 (S.D. Fla. Mar. 27, 2007) (noting that a plaintiff may not supplant allegations made in their complaint with new allegations raised in a response to a motion to dismiss); accord Walker v. City of Orlando, No. 07–651, 2007 WL 1839431, at *5 (M.D.Fla. Jun. 26, 2007) (limiting consideration to the allegations contained in the complaint, even when new allegations were raised in response to a Motion to Dismiss). In ruling on a motion to dismiss, the Court must limit "review to the four corners of the complaint."  Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2010); Wilchombe v. TeeVee Toons, Inc., 555 F.3d 949, 959 (11th Cir. 2009) (stating "[a] court's review on a motion to dismiss is 'limited to the four corners of the complaint.'"), *quoting* St. George v. Pinellas Cnty., 285 F.3d 1334, 1337 (11th Cir. 2002).  Because the allegations of Plaintiff's amended complaint are insufficient to state a claim against Defendant Ong, the motion to dismiss the complaint should be granted.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that the motion to dismiss, doc. 13, filed by Defendant Ong be **GRANTED**, and Plaintiff's amended

---

formally made through the required procedures.

complaint, doc. 7, be **DISMISSED** as to Defendant Ong because it failes to state a claim upon which relief may be granted pursuant to 28 U.S.C. § 1915(e)(2), and this case be **REMANDED** for further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on November 13, 2013.


 S/     Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**